J. THOMPSON, TRUSTEE, ET AL. *v.* NATCHEZ WATER & SEWER CO. ET AL.

1. CORPORATIONS. *Power of directors. Place of meeting. Issuance of bonds.*
    Unless restrained by its charter or by-laws, or by the law of the state creating it, the directors of a corporation have power to meet in another state, and to issue bonds and secure them by mortgaging the corporate assets, and their acts in so doing are not rendered invalid because done in pursuance of an order of stockholders illegally assembled.

2. SAME. *Receiver in aid of mortgage. When appointed before default.*
    On a bill filed for that purpose by holders of bonds issued by a water and sewer company, and secured by mortgage of its property, revenues and franchises, a receiver may be appointed before maturity of the debt, if default is imminent and unavoidable, and if it is necessary to prevent a destruction of its business, and protect its property against attachments and executions in favor of general creditors.

FROM the chancery court of Adams county.

J. J. WHITNEY, ESQ., special Chancellor by consent.

Appellants filed their bill in this cause against the Natchez Water & Sewer Company, and against certain creditors of said com-

pany, alleging that complainants are holders of certain second-mortgage bonds executed by the Natchez Water & Sewer Company. The mortgage was exhibited with the bill, and it recites on its face that it was executed by the directors and officers of the company by authority of a resolution of the stockholders, adopted at a meeting held in the city of Natchez, in this state. The said company is a corporation created under the laws of the state of Kansas for the purpose of building and operating a system of water-works and sewerage in Natchez, Mississippi.

The bill further alleged that the assets of the company were wholly insufficient to pay mortgage debts; that the company was in a failing condition, and would not be able to continue its business and carry out its contracts with the city of Natchez and with its other patrons; that, while default under the mortgage had not taken place, it was certain to occur very soon; that many creditors of said company, who were without liens, had sued out attachments, and had levied upon the mortgaged property, and had garnished the debts due to the company, which debts were also covered by the mortgage; that it had become impossible for said company to collect its revenues, and it was without resources to carry on its business, and that its property and franchises were in imminent danger of waste and loss.

All the persons interested were made parties to the suit. The prayer of the bill is that a receiver be immediately appointed to take possession and control of all the property, privileges and franchises of the water and sewer company, and to operate the same and collect the revenues, under the direction of the court, for the benefit of all parties concerned. The Natchez Water & Sewer Company, by its president, consented in writing to the appointment of a receiver as prayed for in the bill, and a receiver was appointed in vacation. At the ensuing term of the chancery court, the defendants, who had procured attachments to be levied, moved the court to vacate and rescind the order appointing a receiver, and affidavits were submitted in support of the motion. At the same term the said defendants filed demurrers to the bill upon the ground that the

facts stated therein did not entitle complainants to any relief. The demurrers were sustained and the bill dismissed. The motion to remove the receiver was sustained, but it was agreed by counsel for all the parties that in the event of the reversal of the decree, the receivership should be continued without objection.

*Miller, Smith & Hirsh,* for appellants.

1. If it be conceded that shareholders cannot meet in any state, this would not affect the validity of the mortgage, because the assent of the stockholders is not essential to its valid execution. The directors may transact all business of a corporation, and incident to the power to contract debts is the power to secure the same by mortgage. 1 Morawetz on Priv. Cor. 346, 510, 511.

It is sometimes provided that the assent of a certain number of shareholders shall be obtained before directors may incumber the property of a corporation, but even this provision is for the benefit of stockholders, and its non-observance concerns no one else, and no other creditors of the corporation can object to the mortgage on that ground. 28 Fed. Rep. 169; 33 Hun, 333; 104 Ill. 462; Cook on Stock and Stockholders, 689.

It is generally conceded that a board of directors may meet and act anywhere. In the absence of any state law or by-law restraining them, why cannot shareholders themselves come along and assent to the action of the board of directors?

The case of *Aspinwall* v. *R. R. Co.,* 20 Ind. 492, stands alone and in conflict with the whole tenor of modern decisions. See *Camp* v. *Byrne,* 41 Mo. 525; *Ohio, etc., Ry. Co.* v. *McPherson,* 35 Ib. 13; *Heath* v. *Mining Co.,* 39 Wis. 146.

2. It is needless to argue that a court of equity has power to preserve through a receiver property subject to a mortgage, which is being suffered to go to waste and decay. It is not necessary that a present right of foreclosure should exist. It is not argued that the bill fails to show the injury with sufficient clearness. A general demurrer such as this could not reach an objection on that.ground. The ends sought clearly called for the interposition of the chancery court.

*T. Otis Baker, Martin & Lanneau* and *A. H. Geisenberger,* for appellees.

The meeting of shareholders in Natchez was unauthorized and void.  Angell & Ames on Corporations, 104, 274, 498 ; Field on Corporations, 243 ; 4 Am. & Eng. Enc. of Law, 185, 207 ; 1 Morawetz on Priv. Cor. 533 ; Cook on Stock & Stockholders, 591.

By the statute of Kansas it is enacted that every corporation shall keep a general office within that state, and have at least three of its directors resident citizens of that state, and that the records and books of the corporation, the office superintendent, secretary, etc., shall be kept in the general office.  Statutes of Kan., 1889, §§ 1190, 1196.

It is the law of that state that private corporations whose charter has been granted by one state cannot hold meetings and pass votes in another state.  *Land Grant, etc., Co.* v. *Coffee Co.,* 6 Kan. 245.

2. If the mortgage in this case were valid, the demurrer was rightly sustained because no default occurred under it such as would authorize a foreclosure.  Even as late as the hearing of the demurrer, default had not occurred.  By the terms of the mortgage, until default, the water and sewer company was to retain possession and control of the mortgaged property.

If the averments of the bill as to the embarrassment of the company growing out of attachments are to be considered on demurrer instead of more properly in connection solely with the relief other than foreclosure, they do not constitute such a categorical allegation of the impossibility of the mortgagors keeping their engagements, as would induce the court to depart from or add to the terms of forfeiture expressly contained in the mortgage.

The directors did not have the power irrespective of stockholders to execute this mortgage.  It involved the exercise of the extraordinary power of transferring the entire property of the corporation, its franchise and privileges.  It is a power reserved to stockholders to transfer the whole corporate property.  Cook on Stock & Stockholders, 625 ; *Eidman* v. *Bowman,* 58 Ill. 444 ; 15 Am. & Eng. Ry. Cas. 1, 53 ; 1 Morawetz on Priv. Cor. 512.

CAMPBELL, J., delivered the opinion of the court.

The board of directors had the power to issue bonds and execute a deed of trust to secure them, unless restrained by the charter or by-laws or the law of the state creating the corporation; and if it be conceded that the corporators could not lawfully meet in Mississippi, since the directors might and did, the fact that they acted after and in pursuance of an illegal assemblage of stockholders, did not invalidate their act, which was valid because they did it. It does not appear that the law of Kansas, or the charter or by-laws of this corporation in any way abridge or restrain the usual powers of the directors, and, if not, the consent of stockholders was not necessary to the valid execution by act of the directors of obligations and securities; and an unnecessary attempt by stockholders not lawfully assembled to empower the board of directors to do what they could lawfully do, independently of shareholders, had no effect whatever. It is true that the two deeds of trust exhibited with the bill show that in each case the stockholders met, and resolved in favor of what was afterwards done by the board of directors, and this shows the course of dealing by this corporation in these matters, but it falls short of showing that the directors might not lawfully have acted in each case without any meeting of stockholders. It may have been supposed that authorization by the stockholders was necessary to enable the directors to issue bonds and secure them, or that precedent authority expressly given by a meeting of shareholders would give greater value to the evidences of debt, but no such view could exert any influence on the legal question as to the ordinary powers of directors of corporations, which the directors of this corporation must be held to have possessed in the absence of anything in the law governing them which abridged their powers.

Upon the record before us, the bonds and deed of trust must be held to be valid. Cook on Stock & Stockholders, §§ 592, 689, 709, 712; 1 Morawetz Priv. Corp. §§ 510, 533; Field on Corporations, §§ 149, 152, 244.

As a bill to foreclose, this bill was prematurely exhibited, because the condition prescribed by it for that result did not exist, but

viewed not as a bill for foreclosure, and as an application upon the facts it states, for the appointment of a receiver, it is *prima facie* sufficient to call for an answer. While it is true, as a general rule, that appointing a receiver is auxiliary to the main purpose of the suit, and that no suit can be brought until the debt is due, where " default is imminent and manifestly inevitable, though none has taken place, a receiver of a railroad company may be appointed on the application of a mortgage bondholder in order to prevent the breaking up and destruction of its business, and to protect the property against attachments and execution in favor of other creditors." Jones on Corp. Bonds & Mortgages, § 433, and cases cited. There is no reason for limiting this doctrine to railroad companies, and in *Long Dock Company* v. *Mallery*, 1 Beasley's Rep. (12 N. J. Ch.) 93, and the same case p. 431, it was differently applied.

It is suggested, and is apparent, that the bill was exhibited with the connivance of the debtor company, which may be a circumstance rather favorable to the application for a receiver, since not the debtor, but its creditors, who are proceeding by law against it, alone object that the bill was prematurely filed.

We do not decide that a receiver should be appointed, but only that the bill was not properly dismissed on demurrer.

*Reversed and remanded.*